TORPY, J.,
concurring specially.
The public defender filed a motion to withdraw on the eve of trial based on the fact that he had represented the victim. There is no indication in the record that Appellant had been previously made aware of the conflict. Ideally, the public defender should have uncovered the conflict earlier in his representation of Appellant and the dilemma avoided. Even if the dilemma was the fault of the public defender, however, the dilemma certainly should not be attributable to Appellant himself, especially in light of the overriding responsibility of the government to afford effective legal representation to an accused. This was a case where Appellant faced life imprisonment, and it came down to a credibility dispute between Appellant and the victim, who had not been deposed or even interviewed by Appellant’s counsel until the morning of trial. Newly-appointed counsel represented to the court that he could not provide adequate representation and, under the circumstances, I would agree.
It appeared that the trial judge appreciated the need for a continuance. What he offered Appellant, however, was nothing more than a “Hobson’s choice” — either give up the right to effective representation or give up the right to a speedy trial. While it might be appropriate to require a defendant to choose between the two under some circumstances, this is not one of them. In any event, the court could have postponed the trial for almost two months while still affording Appellant his speedy trial.
Although I am mindful of the broad discretion bestowed on trial judges who must manage crowded dockets under difficult circumstances and with sometimes difficult defendants, this is a case where the judge’s call cannot be sustained.